**950**

CAVALIER INDUSTRIES, INC., et al., Appellants,

v.

Martha B. OLSEN, Commissioner of Revenue of Tennessee, Appellee.

TRI COUNTY GAS & OIL, INC., et al., Appellants

v.

Martha B. OLSEN, Commissioner of Revenue of Tennessee, Appellee.

HOUSING DEVELOPMENT ASSOCIATES, INC., et al., Appellants,

v.

Donald JACKSON, Commissioner of Revenue of Tennessee, Appellee.

Supreme Court of Tennessee, at Nashville.

Feb. 24, 1986.

Application for Permission to Rehear Was Overruled March 24, 1986.

Harris A. Gilbert, Ralph Z. Levy, Jr., Gilbert, Frank & Milom, Nashville, for Cavalier Industries, Inc.

Everett H. Falk, Donelson, Stokes & Bartholomew, P.A., Nashville, for Housing Development Associates, Inc. and Tri-County Gas & Oil, Inc.

Joe C. Peel, Asst. Atty. Gen. (W.J. Michael Cody, Atty. Gen., Nashville, of counsel), for appellee.

## OPINION

COOPER, Justice.

In these actions which were consolidated on appeal, the several corporate plaintiffs seek recovery of excise taxes paid under protest. The dispute is over that part of the gain from the sale of assets represented by installment notes distributed to shareholders in accordance with a plan of complete liquidation of the corporation. The trial courts concluded the gain was "net earnings," within the statutory definition of the term, and subject to the Tennessee excise taxes. We affirm.

The Tennessee Excise Tax Law imposes a tax on all for-profit corporations doing business in Tennessee measured by the "net earnings" of the corporation. T.C.A. § 67–4–806. "Net earnings" is defined as federal taxable income with certain enumerated adjustments. T.C.A. § 67–4–805. One such adjustment is the adding to federal taxable income "gains not recognized pursuant to Section 337 of the Internal Revenue Code." T.C.A § 67–4–805(1)(D). Under Section 337 no gain or loss from the sale or exchange of corporate property is recognized to the corporation for federal income tax purposes, if the sale or exchange occurs in a 12-month period beginning on the date the corporation adopted a plan of complete liquidation, and all the

assets of the corporation are distributed within such 12-month period in accordance with the plan of liquidation.

Each of the plaintiff-corporations adopted a formal plan of liquidation under Section 337 of the Internal Revenue Code. Pursuant to its plan of liquidation, each corporation sold substantially all of its assets to an unrelated third party, taking in payment cash and promissory notes. The notes were payable in installments over a period of years. Within a year of the adoption of the plan of liquidation, each corporation distributed its assets, including the promissory notes, to its shareholders in exchange for their shares of stock in the liquidating corporation. Each corporation then filed the required IRS Form 966. The result of these actions was that no gain from the sale or distribution of corporate assets pursuant to the Section 337 corporate plan of liquidation was recognized for federal income tax purposes.

The corporations insist that Section 337 only provided non-recognition of gain to the extent of cash payments received by the corporation before distribution of its assets to its shareholders, and that non-recognition of the gain from the distribution of the installment notes is the result of Section 453B(d)(2) of the Internal Revenue Code.

Section 453B generally requires, for federal income tax purposes, the recognition of any gain or loss on the distribution of an installment obligation by a liquidating corporation. Excluded from this requirement is the distribution of installment obligations under a complete liquidation to which Section 337 applies. See Section 453B(d)(2). As is pointed out in Treas. Reg. § 1.453–9(c)iii,

Under Section 453(d)(4)(B), [presently § 453B(d)(2) ], no gain or loss shall be recognized to a distributing corporation with respect to the distribution of installment obligations, *if the distribution is made pursuant to a plan of complete liquidation of a corporation which meets the requirements of § 337*, under conditions whereby no gain or loss would have been recognized to the corporation had such installment obligations been sold or exchanged on the day of the distribution. (emphasis added).

As we view it, the intended effect of Section 453B(d)(2) is to recognize and preserve the non-recognition of gain for federal income tax purposes granted by Section 337 of the Internal Revenue Code, not to grant an additional basis of non-recognition of gain. The underlying basis of the transactions in question is a Section 337 liquidation. We therefore conclude, as did the trial courts, that the controlling provision for non-recognition of gain from the sale and distribution of assets by the several liquidating corporations is Section 337 of the Internal Revenue Code and that the gain from the transactions is taxable income under Tennessee's excise tax law.

Judgment affirmed. Costs in each of the cases will be adjudged against the appellant and its surety.

BROCK, C.J., and FONES and HARBISON, JJ., and FRANKS, Special Justice, concur.